IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **FLOYD PRESTON MILLER, III,** ) <br> ) <br> ) <br> **Defendant.** ) | Case No. CR-17-075-RAW |

# ORDER

Before the court is the motion of the defendant to vacate §2255 judgment pursuant to Rule 60(b) F.R.Cv.P. The government has responded (#101) and the defendant has filed a reply (#102). Defendant was convicted by a jury of violating 18 U.S.C. §2422(b) (using a means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity). Judgment (#61) was entered on November 30, 2018. On appeal, the conviction was affirmed. *United States v. Miller,* 822 Fed.Appx.777 (10th Cir.2020). The Tenth Circuit decision was entered July 29, 2020.

Defendant filed a motion pursuant to 28 U.S.C. §2255 (#83) on July 19, 2021. This motion was denied by order and judgment entered December 15, 2023 (#91). Defendant appealed, but the Tenth Circuit (by order entered June 27, 2024) dismissed the appeal as untimely.

*United States v. Miller,* 2024 WL 3897358 (10th Cir.), *cert. denied,* 145 S.Ct. 342 (2024). The Tenth Circuit stated: "[T]he district court's final judgment was entered December 15, 2023. To be timely, the notice of appeal had to be filed in the district court by February 13, 2024. *See* Fed. R. App. P. 4(a)(1)(B). Mr. Miller did not file the notice of appeal until – at the earliest – May 15, 2024, after the deadline to appeal the judgment passed." In response to a show cause order, defendant had represented to the Tenth Circuit that he did not receive notice of the district court's judgment until sometime after March 11, 2024. The appellate court said that even assuming this to be true, "we have no authority to extend the deadline for Mr. Miller to file his notice of appeal."

Defendant has now filed the present motion (#99) on November 25, 2024, again asserting that he did not receive notice of this court's ruling on his §2255 motion. He therefore asks this court to vacate its Judgment, and to thereafter reinstate it, thereby enabling defendant to appeal. At one time, the Tenth Circuit viewed such motions favorable. *See Wallace v. McManus,* 776 F.2d 915, 917 (10th Cir.1985)(finding excusable neglect under Rule 60(b) when a pro se prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her).

2

"With the 1991 adoption of Rule 4(a)(6) – and the corresponding 1991 amendment of Section 2107 – the landscape has changed significantly." 16 A Wright, Miller, Cooper & Struve, *Federal Practice and Procedure,* §3950.3 at 305 (2019 ed.). Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district court to reopen the time to file an appeal only if three conditions are satisfied. The same three conditions are set forth in 28 U.S.C. §2107(c).

The conditions are that the court must find that (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier, and (3) no party would be prejudiced.

Turning to the first condition, the movant bears the burden of demonstrating that he did not receive timely notice of the judgment he seeks to appeal. *Shepard v. Rangel,* 658 Fed.Appx. 365, 366 (10th Cir.2016). Rule 77(d) directs the clerk to serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. Rule

5(b)(2)(C) provides that service can be made by mailing it to the person's last known address – in which event service is complete upon mailing.

The government only addresses this condition in passing, stating that "[e]ven if this Court credits his argument that he did not receive notice until March 11, 2024" (#101 at 6-7), plaintiff's motion fails on the second condition. For his part, movant states "BOP mailroom officials have sworn that the denial was never received by U.S.M.C.F.P. Springfield" where movant resides. (#102 at 3). Movant has not submitted evidence to support this statement. He has also not submitted an affidavit of his own or a copy of the prison mail log. *Cf. Blake v. Aramark Corp.,* 489 Fed.Appx. 267, 268-69 (10th Cir.2012). On the other hand, the docket sheet in this case does not reflect service. The record is essentially in equipoise, and inasmuch as movant bears the burden, the court finds he has failed to satisfy the first condition.

The government does not address the third condition (lack of prejudice) and the court independently finds it is satisfied.

The court, however, finds the second condition is also not satisfied. The order and judgment denying movant's §2255 motion were entered December 15, 2023. The present motion was filed November 25, 2024.

That is more than 180 days. Also, movant states that he did not receive notice of the denial until March 11, 2024. His motion was therefore filed more than 14 days beyond that date.

Movant brings his motion pursuant to Rule 60(b). The court acknowledges his difficult position, but "subsequent decisions hold that now that the rulemakers and Congress have acted to provide a means (in Rule 4(a)(6)) for relieving a party from the consequences of failure to learn of the entry of the judgment, resort to Rule 60(b) as a means for extending the appeal time is no longer proper." 16A Wright, Miller, Cooper & Struve, *Federal Practice and Procedure* §3950.2 at 306 (2019 ed.)(footnote omitted).

The 180-day deadline "is specific and unequivocal." *Clark v. Lavallie,* 204 F.3d 1038, 1040 (10th Cir.2000). "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Id.* Failure to meet any one condition of Rule 4(a)(6) precludes the reopening of the time to file an appeal. *Portley-El v. Milyard,* 365 Fed.Appx. 912, 917 n.9 (10th Cir.2010). Movant bears the burden of demonstrating his compliance with the Rule. *Id.* at 916. The court is constrained to find movant has failed in that burden.

It is the order of the court that the motion of the defendant (#99) is hereby denied.

**ORDERED THIS 7th DAY OF APRIL, 2025.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**